UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HILLARY WALLS STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIN LYSTAD,<br><br>        Defendant. | CASE NO. 2:16-CV-01439-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: NOVEMBER 11, 2016 |

The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Hillary Walls-Stewart filed an application for leave to proceed *in forma pauperis* ("IFP") and a proposed 42 U.S.C. § 1983 complaint. Dkts. 1, 1-1. The Court concludes that plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and that her allegations of inadequate medical care fail to show that she is under imminent danger of serious physical injury. Therefore, the Court recommends plaintiff's IFP (Dkt. 1) be denied and that she be directed to pay the $400.00 filing fee in order to proceed with this action.

# BACKGROUND

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), filed a Motion to Proceed IFP in this civil rights action on September 8, 2016. Dkt. 1. Plaintiff alleges that defendants are failing to provide her with the necessary care for pain caused by a fractured screw in her foot in violation of her Eighth Amendment rights. Dkt. 1-1.

# DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes that the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions

1  dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-
2  55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28
3  U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

4  **I.      Strikes Under 28 U.S.C. 1915(g)**

5  A review of court records from this District shows that at least three of the cases plaintiff
6  filed while incarcerated were dismissed for failure to state a claim.[1]

7  Plaintiff filed *Walls v. Pierce County Jail*, (Case No. 3:03-CV-5470-RJB W.D. Wash.,
8  Dec. 4, 2003) while incarcerated in the Pierce County Jail. During the screening process, the case
9  was dismissed without prejudice for failure to state a claim upon which relief could be granted.
10 As the case was dismissed for failure to state a claim, *Walls v. Pierce County Jail* is plaintiff's
11 first strike.

12 During her incarceration at the Washington Corrections Center, plaintiff filed *Walls v.*
13 *Pastor, et al.*, (Case No. 3:12-CV-5183-RBL, W.D. Wash., Nov. 5, 2012). The case was
14 dismissed with prejudice for failure to state a claim. The dismissal in *Walls v. Pastor, et al.*
15 constitutes plaintiff's second strike.

16 Plaintiff filed *Walls-Stewart v. Tacoma General Hospital*, (Case No. 3:12-CV-5468-
17 BHS, W.D. Wash., June 28, 2012) when she was incarcerated at the Washington State
18 Penitentiary. The case was dismissed without prejudice during the screening process for failure
19 to state a claim upon which relief could be granted. Plaintiff received her third strike when
20 *Walls-Stewart v. Tacoma General Hospital* was dismissed.

21 While incarcerated plaintiff brought at least three actions which were frivolous,
22 malicious, or failed to state a claim; therefore, she is barred from proceeding IFP in this action

23 ―――――――――
   [1] After reviewing court records, including comparing prisoner identification numbers, the Court concludes
24 Plaintiff has filed lawsuits under the names Hillary Walls, Hillary Lee Walls, and Hillary Walls-Stewart.

unless she can show she is exempt from the three-strikes rule because she is under imminent danger.

## II.     Imminent Danger Exception

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to her is real and proximate. *Cervantes*, 493 F.3d at 1053 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff alleges that her constitutional rights are being violated because she is being denied adequate medical treatment. Dkt. 1-1. Specifically, plaintiff states that she has a fractured screw in her foot which is causing intractable pain. *Id.* at 4-5. She alleges that she is unable to work out, fall asleep, work, stand for long periods or walk long distances because of the pain. *Id.* at 4, 7. For her pain, plaintiff states that she has been given ice packs and over-the-counter pain medication. *Id.* at 6. Plaintiff maintains that a doctor recommended surgery and that plaintiff requested surgery or other treatment options, but that defendant Erin Lystad, a physician's assistant, refused because plaintiff will not be incarcerated long enough to pay for the hardware removal surgery. *Id.*

1    Plaintiff has not sufficiently alleged she faces a danger which is "ready to take place" or
2 "hanging threateningly over [her] head." *Cervantes*, 493 F.3d at 1056. She alleges only that she
3 is in pain; she does not maintain that the pain is causing her imminent physical injury. Further,
4 she alleges that she is receiving treatment, she just does not believe the treatment is sufficient.
5 Therefore, the Court finds that the imminent danger exception does not apply in this case, and
6 plaintiff is subject to the three strikes rule. *See Balzarini v. Lewis*, 2015 WL 2345464, *8 (E.D.
7 Cal. May 14, 2015) (finding the plaintiff's disagreement with prison medical personnel about the
8 course or adequacy of any treatment he was receiving did not establish imminent danger);
9 *Thomas v. Ellis*, 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing the
10 plaintiff was receiving medical treatment for his chronic pain, but that he disagreed with the type
11 of medication the medical staff was prescribing for him was insufficient to show an imminent
12 danger of serious physical injury); *Jackson v. Jin*, 2014 WL 1323211 (W.D.N.Y. March 31,
13 2014) (denying imminent danger claim where plaintiff alleged he was being treated with pain
14 medications, but not to his satisfaction); *Stephens v. Castro,* 2006 WL 1530265, *1 (E.D.Cal.
15 May 31, 2006) (disagreement with prison personnel about course of treatment does not establish
16 an imminent danger of serious physical injury under Section 1915(g)).

## CONCLUSION

18    The Court recommends that plaintiff's Motion to Proceed IFP be denied as plaintiff has
19 incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown that the imminent
20 danger exception applies. The Court further recommends that plaintiff be ordered to pay the
21 $400.00 filing fee to proceed with this action.
22    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
23 Procedure, the parties shall have fourteen (14) days from service of this Report to file written
24

1 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

2 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

3 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

4 **November 11, 2016**, as noted in the caption.

5     Dated this 14th day of October, 2016.

    J. Richard Creatura
    United States Magistrate Judge